| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| WESTERN DISTRICT OF PENNSYLVANIA |
| Case number *(if known)* _____  Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Mallard Cove Senior Development, LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)  26-2137917

**4. Debtor's address**

Principal place of business

1410 Mallard Cove Drive
Sharonville, OH 45246
Number, Street, City, State & ZIP Code

Hamilton
County

Mailing address, if different from principal place of business

P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business

Number, Street, City, State & ZIP Code

**5. Debtor's website** (URL)  https://www.mallardcoveseniorliving.com/

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor **Mallard Cove Senior Development, LLC**   Case number (*if known*)
Name

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6233__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☐ No
- ■ Yes.

Debtor **Mallard Cove Senior Development, LLC**     Case number (*if known*)
   Name

List all cases. If more than 1, attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | **Sultana Express, LLC** | | Relationship | **Affiliate** |
| District | **Western District of Pennsylvania** | When **11/19/24** | Case number, if known | **24-22845** |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency
          Contact name
          Phone

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ■ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ■ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **Mallard Cove Senior Development, LLC**            Case number (*if known*)
        Name

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 28, 2025**
             MM / DD / YYYY

X **/s/ Jonathan Levey**                               **Jonathan Levey**
  Signature of authorized representative of debtor      Printed name

  Title  **Manager and Sole Member**

**18. Signature of attorney**

X **/s/ Michael J. Roeschenthaler**                    Date **January 28, 2025**
  Signature of attorney for debtor                          MM / DD / YYYY

**Michael J. Roeschenthaler**
Printed name

**Raines Feldman Littrell LLP**
Firm name

**11 Stanwix Street**
**Suite 1100**
**Pittsburgh, PA 15222**
Number, Street, City, State & ZIP Code

Contact phone  **412-899-6472**        Email address  **mroeschenthaler@raineslaw.com**

**87647 PA**
Bar number and State

**Fill in this information to identify the case:**

Debtor name __Mallard Cove Senior Development, LLC__

United States Bankruptcy Court for the: __WESTERN DISTRICT OF PENNSYLVANIA__

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __January 28, 2025__    X __/s/ Jonathan Levey__
Signature of individual signing on behalf of debtor

**Jonathan Levey**
Printed name

**Manager and Sole Member**
Position or relationship to debtor

Official Form 202    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Fill in this information to identify the case:

Debtor name: **Mallard Cove Senior Development, LLC**
United States Bankruptcy Court for the: **WESTERN DISTRICT OF PENNSYLVANIA**
Case number (if known): 

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Alex Fisher** <br> **1 McKnight Place** <br> **St Louis, MO 63124** | | | | | | $399,868.00 |
| **Chucks Customs Home Improvement** <br> **4240 Ashgrove Ct** <br> **Independence, KY 41051** | | | | | | $5,600.00 |
| **CJs Wholesale Flooring** <br> **1386 State Route 28 Unit D** <br> **Loveland, OH 45140** | | | | | | $24,739.00 |
| **David Smith** <br> **1 McKnight Place** <br> **St Louis, MO 63124** | | | | | | $399,868.00 |
| **Direct Supply TELS Building Services** <br> **7311 W. Green Tree Rd.** <br> **Milwaukee, WI 53223** | | | | | | $19,516.00 |
| **EBF Holdings LLC** <br> **102 W 38th St.** <br> **6th Floor** <br> **New York, NY 10018** | | | | | | $133,351.00 |
| **Fisher Broyles** <br> **945 East Paces Ferry Road, NE** <br> **Suite 2000** <br> **Atlanta, GA 30303** | | | | | | $7,950.00 |
| **Frost Brown Todd** <br> **400 W Market Street** <br> **Suite 3200** <br> **Louisville, KY 40202** | | | | | | $44,852.00 |

Debtor **Mallard Cove Senior Development, LLC**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Gordon Davidson**<br>**7010 Del Corso Lane**<br>**Del Ray Beach, FL 33446** | | | | | | $500,000.00 |
| **Gordon Food Services**<br>**342 Gordon Industrial Dr**<br>**Sheperdsville, KY 40165** | | | | | | $55,011.00 |
| **Health With Heart Senior Services**<br>**7368 Kingsgate Way A**<br>**West Chester Township, OH 45069** | | | | | | $48,479.00 |
| **Lifeline Systems Company**<br>**200 Donald Lynch Blvd.**<br>**Suite 300**<br>**Marlborough, MA 01752** | | | | | | $6,004.00 |
| **Michelle Marra**<br>**791 Wackeman Court**<br>**Westerville, OH 43081** | | | | | | $50,000.00 |
| **Orkin**<br>**2170 Piedmont Rd. NE,**<br>**Atlanta, GA 30324** | | | | | | $7,203.00 |
| **PIRS Capital LLC**<br>**1688 Meridian Ave.**<br>**Suite 700**<br>**Miami Beach, FL 33139** | | | | | | $152,980.00 |
| **Recker and Boerger**<br>**10115 Transportation Way**<br>**West Chester, OH 45246** | | | | | | $11,003.00 |
| **Sage Age Strategies Inc**<br>**55 Pierce Ln**<br>**Suite 202**<br>**Montoursville, PA 17754** | | | | | | $7,513.00 |
| **Shubhra Rose**<br>**7010 Del Corso Lane**<br>**Del Ray Beach, FL 33446** | | | | | | $150,000.00 |

Official form 204  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims  page 2

Debtor **Mallard Cove Senior Development, LLC**  Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **U.S. Foods**<br>**9399 W. Higgins Rd.**<br>**Suite 100**<br>**Rosemont, IL 60018** | | | | | | **$38,273.00** |
| **West Bend Insurance Co**<br>**1900 S 18th Ave**<br>**West Bend, WI 53095** | | | | | | **$12,351.00** |

## ACTION BY WRITTEN RESOLUTION
## OF THE SOLE MEMBER OF
## MALLARD COVE SENIOR DEVELOPMENT, LLC

January 28, 2025

The undersigned, Jonathan R. Levey the sole member (the "**Member**") and manager (the "**Manager**" and, together with the Member, the "**Member-Manager**") of MALLARD COVE SENIOR DEVELOPMENT, LLC, a Missouri limited liability company (the "**Company**"), hereby approves and adopts, in accordance with the laws of the State of Missouri and the governing agreements of the Company, the following resolutions:

**WHEREAS**, the Member-Manager has reviewed and considered historical performance and results of the Company, its current and future liquidity needs, its business prospects, and its current and long-term liabilities;

**WHEREAS**, on August 21, 2023, the Court of Common Pleas of Hamilton County, Ohio (the "**Ohio Court**"), entered the *Order Appointing Receiver* (the "**Receivership Order**") in the case styled as *WM Capital Partners 90, LLC v. Mallard Cove Senior Development, LLC*, Case No. A2303521, pursuant to which the Ohio Court appointed Flanagan & Consulting, L.L.C., as receiver (the "**Receiver**") of certain assets of the Company (as more fully set forth in the Receivership Order, the "**Receivership Property**");

**WHEREAS**, the Receivership Order expressly provides, in paragraph 5.1 thereof, that "the Receiver shall not take title to the Receivership Property. Title to the Receivership Property shall remain in the name of Borrower . . . unless foreclosed upon by the Plaintiff or sold by the Receiver" as provided in the Receivership Order;

**WHEREAS**, the Receivership Order provides, in paragraph 13.1 thereof, that "[t]he Receiver is only the receiver of the Receivership Property (as defined above), and not of any other assets, activities, business, or operations of the Borrower. The Receiver's responsibilities, duties, and liabilities are expressly limited to those stated in this Order as the same are related to the Receivership Property";

**WHEREAS**, the Receivership Order does not vest the Receiver with the power to manage the Company and does not deny the Company or the Member-Manager the authority to take action on behalf of the Company or commence a bankruptcy case for the Company;

**WHEREAS**, pursuant to section 8(A) of the Operating Agreement, "Manager, in its sole discretion, shall make all decisions relating to the conduct of the business affairs of the Company, and Manager alone shall have the power and authority to bind the Company with third parties . . . provided, however, that the consent of the sole Member shall be required" for certain actions, including, "(iv) [t]o authorize any transaction, agreement or action on behalf of the Company . . . that is not within the usual couse of the business of the Company";

**WHEREAS**, the Company, through the Member-Manager, has determined to pursue relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**"); and

1

**WHEREAS**, the Member-Manager has determined that it is advisable and in the best interests of the Company to pursue relief under the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

1. **Commencement of Chapter 11 Case**

**RESOLVED**, that the Company file, or cause to be filed, a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Pennsylvania (the "**Bankruptcy Court**") and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it is further

**RESOLVED**, that Jonathan R. Levey, as Member-Manager (the "**Authorized Person**") be, and hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders and other documents; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts and deeds that the Authorized Person deems necessary, appropriate, or desirable in connection with the Company's bankruptcy case and in furtherance of the restructuring of the Company's debts and obligations, all as consistent with these resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

2. **Retention of Advisors**

**RESOLVED**, that the following professionals be engaged and retained on behalf of the Company: (i) Raines Feldman Littrell LLP as general bankruptcy counsel; (ii) Force Ten Partners, LLC, as financial advisors and consultants; and (iii) any other professionals deemed necessary and in the best interests of the Company; each to represent and assist the Company in carrying out its duties and responsibilities under the Bankruptcy Code and applicable law and rules, and to take any and all actions to advance the Company's rights and interests (including, without limitation, the law firms filing any pleadings and responses, and making any filings with regulatory agencies or other governmental authorities); and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements with and pay appropriate retainers to the foregoing professionals and such other professionals as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company, and to cause to be filed appropriate applications for authority to retain the services of such professionals; and it is further

3. **Financing**

**RESOLVED** that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to negotiate and obtain postpetition financing and/or use of cash collateral, including under one or more debtor-in-possession credit facilities, as the Authorized Person deems necessary, appropriate, or desirable in connection with the Company's bankruptcy case and to carry out and put into effect the purposes of these resolutions; and to enter into any guarantees and to pledge and grant liens on the Company's assets in support of such financing, and in connection therewith to execute appropriate loan agreements and related ancillary documents; with the actions of the Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all such financing related documents, being deemed conclusive evidence of the approval and the necessity, desirability or appropriateness thereof; and it is further

**RESOLVED** that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with any such financing transaction(s) and all fees and expenses incurred by or on behalf of the Company in connection with these resolutions, in accordance with the terms of any financing related documents, which shall in his sole discretion be necessary, appropriate, or desirable to perform any of the Company's obligations under or in connection with such financing arrangements and to carry out fully the intent of these resolutions; and it is further

4. **General**

**RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company, to take and perform any and all further acts or deeds, including (a) the negotiation of such additional agreements, amendments, modifications, supplements, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (b) the execution, delivery, performance and filing (if applicable) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, indemnities and other expenses, as the Authorized Person, in his sole discretion, may approve or deem necessary, appropriate, or desirable to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings, and payments to be conclusive evidence of such approval or that the Authorized Person deemed the same to meet such standard; and it is further

**RESOLVED**, that any person dealing with the Authorized Person in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person and by his execution of any document, agreement or instrument, the same to be a valid and binding obligation of such Company enforceable in accordance with its terms; and it is further

**RESOLVED**, that the Authorized Person is hereby authorized to certify and deliver to any person to whom such certification and delivery may be deemed necessary or desirable in the opinion of the Authorized Person, a true copy of the foregoing resolutions; and it is further

3

   **RESOLVED**, that all actions heretofore taken, and all agreements, instruments, reports and documents executed, delivered or filed through the date hereof, by the Authorized Person of the Company in, for and on behalf of the Company, in connection with the matters described in or contemplated by the foregoing resolutions, are hereby approved, adopted, ratified and confirmed in all respects as the acts and deeds of the Company as of the date such action or actions were taken.

*[signatures on following page]*

**IN WITNESS WHEREOF**, the undersigned Member and Manager of Mallard Cove Senior Development, LLC, each adopts and authorizes the foregoing resolutions as of the date first written above.

**MEMBER**

By: _____
Jonathan R. Levey

**COMPANY**

MALLARD COVE SENIOR DEVELOPMENT, LLC, a Missouri limited liability company

By: _____
Jonathan R. Levey, Manager

# United States Bankruptcy Court
## Western District of Pennsylvania

In re **Mallard Cove Senior Development, LLC**

Debtor(s)

Case No.

Chapter **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **Mallard Cove Senior Development, LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

| | |
|---|---|
| **January 28, 2025** | **/s/ Michael J. Roeschenthaler** |
| Date | **Michael J. Roeschenthaler** |
| | Signature of Attorney or Litigant |
| | Counsel for **Mallard Cove Senior Development, LLC** |
| | **Raines Feldman Littrell LLP** |
| | **11 Stanwix Street** |
| | **Suite 1100** |
| | **Pittsburgh, PA 15222** |
| | **412-899-6472** |
| | **mroeschenthaler@raineslaw.com** |